UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DEBBIE QUAMINA on behalf of herself and all  :
others similarly situated,                                       :
                                                                          :
                   Plaintiff,            :    **MEMORANDUM & ORDER**
                                                                          :
           - against -                        :
                                                                          :    No. 10-cv-01852 (ERK)(RER)
RETRIEVAL MASTERS CREDITORS          :
BUREAU, INC. D/B/A RMCB,                        :
                                                                          :
                  Defendant.          :
------------------------------------------------------------ X

KORMAN, J.:

The defendant, Retrieval Masters Creditors Bureau, Inc., is regularly engaged, for profit, in the collection of debts owed by consumers. Complaint ¶¶ 4, 5. In a letter dated July 20, 2009 ("Letter"), defendant demanded payment from Debbie Quamina in the amount of $239.78 on behalf of its client. Complaint at 7. In relevant part, the Letter states:

> **PAYMENT REQUIRED IMMEDIATELY**
>
> Dear Debbie Quamina:
>
> . . .
>
> You have apparently chosen to ignore all of our requests for payment. However, be advised that our client has authorized us to continue our collection efforts until you have honored this outstanding obligation.
>
> . . .
>
> To avoid further contact, **send your payment immediately.**

*Id.* (emphasis in original).

On April 26, 2010, Debbie Quamina commenced the present action, arguing that the Letter fails to comply with the Fair Debt Collection Practices Act ("FDCPA"). Complaint ¶¶ 11-20. According to plaintiff, defendant violated FDCPA Sections 1692e(5) and (10) by "engaging in

1

deceptive practices and false threats." *Id*. at ¶ 20.  Among other things, plaintiff alleges that the Letter "implies that legal action will be commenced if payment is not made immediately[,]" suggests that defendant "will file a lawsuit and obtain a judgment[,]" and "misleads the consumer by implying that . . . [plaintiff] will not have the opportunity to defend herself." *Id*. at ¶¶ 14, 18, 19.

The defendant moves for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).

## DISCUSSION

*Motion for Judgment on the Pleadings*

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2nd Cir. 2001).  To survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 566 U.S. ---, 129 S.Ct. at 1949.  In addition to the pleadings, the court may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2nd Cir. 2002) (internal citations and quotations omitted).

*Fair Debt Collection Practices Act*

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Among the FDCPA's enumerated prohibitions, Section 1692e(5) provides that a debt collector cannot "threat[en] to take any action that cannot legally be taken or that is not intended to be taken."  15

2

U.S.C. § 1692e(5). Section 1692e(10) similarly prohibits the use of "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Plaintiff contends that the Letter violates Sections 1692e(5) and (10), because the statement that defendant is "authorized . . . to continue . . . collection efforts until . . . [plaintiff has] honored . . . [the] outstanding obligation" is allegedly deceptive and misleading. *See* Complaint ¶¶ 11-20.

To determine whether a communication violates the FDCPA, courts undertake the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90 (2nd Cir. 2008) (internal quotations and citations omitted). Under this standard, "the protection of all consumers, even the naïve and the trusting, against deceptive debt collection practices," must be balanced by the need to "protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Kropelnicki v. Siegel*, 290 F.3d. 118, 127 (2nd Cir. 2002) (internal quotations and citations omitted). In engaging in this exercise, "courts have carefully preserved the concept of reasonableness." *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 190-91 (2nd Cir. 2002) (internal quotations and citations omitted). Accordingly, "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010). Such a consumer is not to be regarded as "irrational []or a dolt." *Id.*

A. *Section 1692e(5)*

Section 1692e(5) prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). In the instant case, plaintiff maintains that the language of the Letter "implies that legal action will be commenced if payment is not made immediately" and that defendant "will file a lawsuit and obtain a judgment [to satisfy the debt]." Complaint ¶¶ 14, 18. Because plaintiff also contends that "the underlying creditor . . . only g[ave

3

its] authorization . . . to continue with . . . defendant's typical collection efforts . . . [,]" which do not include the filing of lawsuits, plaintiff claims that defendant made a threat of legal action that it never intended to carry out. *Id.* at ¶¶ 13-19. This argument is without merit.

Pursuant to Section 1692e(5), a collection letter may violate the FDCPA when its language "explicitly threatens that legal action will be taken," instead of "simply describ[ing] available alternatives which [may] include possible legal action." *Ellis v. Cohen & Slamowitz, LLP*, 701 F.Supp. 2d 215, 221 (N.D.N.Y. 2010) (quoting *Berger v. Suburban Credit Corp.*, 2006 WL 2570915, at *4 (E.D.N.Y. Sept. 5, 2006)). The Second Circuit found that this standard was satisfied by a collection letter which read, in relevant part, that your creditor has "authorized [the debt collector] to proceed with whatever *legal means is necessary* to enforce collection." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 61-62 (2nd Cir. 1993) (emphasis added). While this language may have been reasonably understood by the least sophisticated consumer to suggest a possible legal action, the language of the Letter in the instant case is far more restrained. The only action that the Letter suggests is further "collection efforts." *See* Complaint at 7. Indeed, the Fifth Circuit has expressly held that the statement "*full collection activity will continue* until this account is paid in full . . . [,] does not contain a threat of legal action . . . ." *Peter v. GC Services L.P.*, 310 F.3d 344, 349-50 (5th Cir. 2002) (emphasis added); *see also Ramsire v. Collectcorp, Inc.*, 2005 WL 3095948 at *3 (N.D.Cal. Nov. 17, 2005) (finding that the statement "[i]f payment is not made, collection efforts . . . will continue on this account," did not threaten "court action[.]"). These holdings reflect the fact that many avenues exist to collect on outstanding debts. Debt collectors can forward information to national credit reporting agencies, *see McStay*, 308 F.3d at 191, "send further written correspondence, . . . place telephone calls . . . , [or] forward claims to attorneys for . . . demand letters," *see Spira v. Ashwood Fin.*, 358 F.Supp. 2d 150, 160 (E.D.N.Y 2005). Significantly, the complaint alleges that defendant's activities include "sending additional letters

4

and . . . attempt[ing] to collect the debt via telephone." Complaint ¶ 16. Plaintiff acknowledges that defendant *is* "authorize[ed] . . . to continue with . . . [these] efforts." *Id*.

Plaintiff's reliance on magistrate Judge Pollak's decision in *Berger v. Suburban Credit Corp.*, 2006 WL 2570915 (E.D.N.Y. Sept. 5, 2006), is also misplaced. In *Berger*, the collection letter stated that the debt collector would: "take *whatever steps necessary* to pursue collection." *Id*. at *1 (emphasis added). This language, she held, "implies that the commencement of legal action is a possible step." *Id.* at *6. Since Judge Pollak found no evidence to suggest that the debt collector "was in fact authorized . . . to take 'whatever steps necessary,'" she held that the language violated Section 1692e(5). *Id.* at *7. Assuming that *Berger* was decided correctly, it does little to strengthen plaintiff's case. The Letter in the present action refers to a continuation of "*our* collection efforts." Complaint at 7 (emphasis added). In her complaint, as noted above, plaintiff explicitly acknowledges that "defendant's typical collection efforts" include "sending additional letters and . . . attempt[ing] to collect . . . via telephone." Complaint ¶ 16.

Nor is *Zugay v. Prof'l Recovery Consultants, Inc.*, 10-cv-01944 (E.D.N.Y. Apr. 29, 2010), particularly helpful. Judge Cogan did not issue a written decision and plaintiff has not provided a transcript of the hearing. *See* Reply at 7. Nevertheless, the language of the collection letter quoted in *Zugay* is not the same as the language here, *see* 10-cv-01944 (E.D.N.Y. Apr. 29, 2010), and the minute entry in the docket sheet merely reports that "[t]he Court denied [the] . . . motion to dismiss on the grounds that it . . . [was] premature without discovery . . . [and that it was] denied without prejudice subject to renewal on summary judgment," *see* 10-cv-01944 (E.D.N.Y. June 18, 2010).

B. *Section 1692e(10)*

In addition to plaintiff's Section 1692e(5) claim, plaintiff also maintains that the Letter violates Section 1692e(10), because it "misleads the consumer by implying that [plaintiff] . . . will not have the opportunity to defend herself." *Id.* at ¶ 19. This reading is bizarre and idiosyncratic.

5

*See Kropelnicki*, 290 F.3d at 127; *see also Peter*, 310 F.3d at 350. The Letter makes no such threat and does not in any way implicate the conduct of which plaintiff complains.

## CONCLUSION

In *Turner v. Asset Acceptance LLC*, 302 F.Supp. 2d 56, 59 (E.D.N.Y. 2004), Judge Garaufis observed that: "Congress enacted the FDCPA in order to combat egregious abuses of debtors, abuses that are real and troubling. It is almost as troubling, however, for an attorney to take unreasonable advantage of Congress's good intentions and the sound legislation it has enacted." These words are equally applicable here and to the other cases filed by plaintiff's counsel. *See e.g., Kapeluschnik v. LeSchack & Grodensky P.C.*, 1999 U.S. Dist. LEXIS 22883 at *30-31 (E.D.N.Y. Aug. 26, 1999); *Laster v. Cole*, 2000 WL 863463 at *2 (E.D.N.Y. June 23, 2000); *Mebane v. GC Servs. Ltd.*, 481 F.Supp. 2d 249, 252-53 (S.D.N.Y. 2007).

The motion to dismiss is granted and the complaint is dismissed.

**SO ORDERED.**

Brooklyn, New York
March 22, 2011

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge